UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRYSTAL CHAMPAGNE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 11-2554 |
| BANK OF AMERICA, N.A. | SECTION: R(2) |

### ORDER AND REASONS

Defendant Bank of America, N.A. moves the Court to dismiss plaintiff Crystal Champagne's action under Federal Rule of Civil Procedure 12(b)(6).[1] Because the Court lacks subject matter jurisdiction in this case, it will not entertain the merits of defendant's motion, and the case is instead remanded to state court.

### I. BACKGROUND

Plaintiffs Crystal Champagne and Michael Melancon purchased a house at 118 Braden Drive, Luling, Louisiana in March 2008.[2] In May 2009, defendant Bank of America initiated foreclosure proceedings against the Melancons in state court in St. Charles Parish.[3] Pursuant to an order of executory process and a writ of seizure and sale, the property was sold at a Sheriff's sale on

---

[1]  R. Doc. 3.

[2]  R. Doc. 1. at ¶4; R. Doc. 1-1 at ¶4.

[3]  R. Doc. 1. at ¶4.

June 16, 2010.[4] The Melancons filed suit on September 9, 2011 in state court and Bank of America removed to this Court on October 11, 2011.[5] The Melacons did not challenge the removal.

In the present action, the Melancons challenge the validity of the executory process and ask the Court to annul the sale.[6] They also allege that Bank of America "wrongfully used Executory Process and the powers and authority of the State of Louisiana to seize [their] property" in violation of 42 U.S.C. § 1983.[7] They further assert a claim under the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1401, *et seq.*, for Bank of America's failure to adhere to the Home Affordable Modification Program, 12 U.S.C. § 5201, *et seq.* ("HAMP"), as well as a claim of breach of contract, breach of implied covenant of good faith and fair dealing, and detrimental reliance under HAMP.[8] Finally, the Melancons seek a preliminary injunction to prevent Bank of America from proceeding with the eviction.

Bank of America now moves the Court to dismiss the complaint in its entirety for failure to state a claim upon which relief

---

[4]   R. Doc. 1-1 at ¶4-¶5.

[5]   R. Doc. 1.

[6]   R. Doc. 1-1 at ¶7.

[7]   *Id.* at ¶53.

[8]   *Id.* at ¶54.

2

can be granted.[9]  The Melancons oppose the motion.[10]

**II. STANDARD**

A defendant generally may remove a state court civil action to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  The removing party bears the burden of showing that federal jurisdiction exists.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See e.g., Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Although the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).  The Court's subject matter jurisdiction may be raised at any time during pendency of the case by any party, or by the court itself.  *See McDonal v. Abbott*

---

[9]  R. Doc. 3.

[10] R. Doc. 11.

*Labs*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."); *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 583 (U.S. 1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

**III. DISCUSSION**

In their state court petition, the Melancons could not have been clearer that the primary purpose of their action was to invalidate the state court foreclosure proceedings.[11] The Court, however, lacks jurisdiction to interfere with state proceedings that implicate important state interests, *see Younger v. Harris*, 401 U.S. 37, 54 (1971), and it also lacks jurisdiction to review state-court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). In *Flores v. Citizens State Bank of Roma, Texas*, 132 F.3d 1457 (5th Cir. 1997)(per curiam), the Fifth Circuit held that a federal district court lacked jurisdiction over a collateral attack on the validity of a state court judicial foreclosure and writ of execution. *Id.* at 1457. *See also Magor v. GMAC Mortg., L.L.C.*, No. 11-50145, 2011 WL 5244949, at *1 (5th Cir. Nov. 2, 2011)(district court lacked subject matter jurisdiction over collateral attack on state foreclosure

---

[11] R. Doc. 1-1 at ¶¶5, 7, 20, 22, 44, 49.

proceedings under *Rooker-Feldman*). This case is no different. The State of Louisiana has an important interest in resolving foreclosure disputes, *see, e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (finding that the state has important interests in "forcing persons to transfer property in response to a court's judgment" and in "challenges to the process by which the State compels compliance with the judgment of its courts"); *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997 (6th Cir. 2003) (finding that the state has an important interest in a foreclosure proceeding), and the Melancons could have adequately adjudicated their claim to annul the foreclosure in state court. *See* La. Code Civ. P. arts. 2751-54, 2642; *see also Avery v. CitiMortgage, Inc.*, 15 So.3d 240, 243 (La. Ct. App. 2009)("Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.").

The Melancons also assert that Bank of America is liable to them under 42 U.S.C. § 1983, LUPTA, and HAMP. While the Court may exercise jurisdiction over independent claims, *see Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011), the Court lacks jurisdiction over claims which were not before the

state court but which are "inextricably intertwined" with the state court's judgment, such that the Court is "in essence being called upon to review" that decision. *Flores*, 132 F.3d at 1457 (quoting *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995)); *see also Riley v. La. State Bar Ass'n*, 214 Fed. Appx. 456, 458 (5th Cir. 2007). The Fifth Circuit has held that "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Turner v. Cade*, 354 Fed. Appx. 108, 111 (5th Cir. 2009)(quoting *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986)); *see also Richard v. Hoechst Celanese Chem. Grp.*, 355 F.3d 345, 351 (5th Cir. 2003)("This Court has determined that issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule.").

The Melancons' constitutional and statutory allegations are "inextricably intertwined" with the state court's judgment ordering the issuance of a writ of seizure and sale. Their Section 1983 claim appears to be an invalid attempt to cast their complaint in the form of a civil rights action in order to collaterally attack the state court judgment. *See* La. Code Civ. P. arts 2751-2754, 2642. *See also Pease v. First Nat'l Bank*, 335 Fed. Appx. 412, 414 (5th Cir. 2009)("The *Rooker-Feldman* doctrine would bar this court from hearing any challenge to the

foreclosure order [including Section 1983] because it is a challenge in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.")(internal quotations omitted).  In addition, although the Melancons assert statutory causes of action apart from their challenge to the foreclosure order itself, the "sole purpose" of the Melancons' suit is to obtain review of the state court's judgment of foreclosure.  *See Flores*, 132 F.3d at 1457.  If the Court were to grant the Melancons their requested relief, it would be tantamount to a reversal of the state court proceedings authorizing foreclosure.  *Danzell v. Bank of America*, No. 10-1536, 2011 WL 4905723, at *1-*2 (W.D. La. Oct. 14, 2011); *Rainwater v. 21st Mortg. Corp.*, No. 1:09-CV-331, 2010 WL 1330624, at *3 (E.D. Tex. Feb. 25, 2010)("what the plaintiff seeks essentially is an order by this federal court preventing the relief that was awarded by the state court; precisely the kind of action *Rooker-Feldman* seeks to prevent").  Because the Court is without jurisdiction to grant such relief, the Melancons' case must be remanded.

**IV. CONCLUSION**

For the foregoing reasons, the case is remanded to state court, and the court will not entertain defendant's motion.

New Orleans, Louisiana, this __8th__ day of March, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE