UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CRYSTAL CHAMPAGNE, ET AL.                CIVIL ACTION

VERSUS                                   NO: 11-2554

BANK OF AMERICA, N.A.                    SECTION: R(2)

**ORDER AND REASONS**

Plaintiffs Crystal Champagne and Michael Melancon move the Court to reconsider its order remanding the case to state court.[1] Because plaintiffs have not established a manifest error of law or fact, the Court DENIES their motion.

**I. BACKGROUND**

Plaintiffs Crystal Champagne and Michael Melancon purchased a house at 118 Braden Drive, Luling, Louisiana in March 2008.[2] In May 2009, defendant Bank of America initiated foreclosure proceedings against the Melancons in state court in St. Charles Parish.[3] Pursuant to an order of executory process and a writ of seizure and sale, the property was sold at a Sheriff's sale on June 16, 2010.[4] The Melancons filed suit on September 9, 2011 in

---

[1] R. Doc. 20.

[2] R. Doc. 1. at ¶4; R. Doc. 1-1 at ¶4.

[3] R. Doc. 1. at ¶4.

[4] R. Doc. 1-1 at ¶4-¶5.

state court, challenging the validity of the executory process and asking the court to annul the sale.[5] Bank of America removed to this Court on October 11, 2011, which the Melancons did not oppose.[6] On March 8, 2012, the Court ordered the case remanded to state court because it lacked jurisdiction to review the Melancons' state foreclosure proceedings.[7] The Melacons now move the Court to reconsider its remand order.[8] Bank of America does not oppose the motion.

## II. STANDARD

Because the Melancon's Motion for Reconsideration was filed within ten days of the Court's March 8 order, the Court will treat is as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2810.1 (2d ed. 1995). A district court has considerable discretion to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be

---

[5] R. Doc. 1-1 at ¶7.

[6] R. Doc. 1.

[7] R. Doc. 1-1 at ¶7.

[8] R. Doc. 20.

granted sparingly. *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. DISCUSSION**

The Melancons challenge the Court's characterization of the executory process and order of seizure as a judgment. Because there was no state court judgment, the Melancons contend, the *Rooker-Feldman* doctrine is inapplicable.[9] The Court made clear in that order, though, that it lacks jurisdiction to interfere not only with state court judgments, but also with state court

---

[9] R. Doc. 20-1.

3

proceedings that implicate important state court interests. *See Younger v. Harris*, 401 U.S. 37, 54 (1971).[10] Whether the state court's judgment is final, or whether it remains subject to the state appellate process, this Court lacks jurisdiction to review it. *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)("We hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to review in the state appellate system."). *See also Spooner v. Gautreaux*, No. 11-30651, 2012 WL 278011 (5th Cir. Jan. 31, 2012)(declining to review state court foreclosure under *Younger*); *Magor v. GMAC Mortg., L.L.C.*, No. 11-50145, 2011 WL 5244949 (5th Cir. Nov. 2, 2011)(declining to review state court foreclosure under *Rooker-Feldman*); *Flores v. Citizens State Bank of Roma, Tex.*, 132 F.3d 1457 (5th Cir. 1997)(declining to review state court foreclosure under *Rooker-Feldman*); *United States v. Shepherd*, 23 F.3d 923, 924-25 (5th Cir. 1994)(declining to review state court proceeding confirming the validity of allegedly fraudulent foreclosure sale under *Rooker-Feldman*). The Melancons' argument thus lacks merit. Because they have not clearly established a manifest error of law or fact, they have failed to carry their burden.

## IV. CONCLUSION

---

[10] R. Doc. 19 at 4.

For the foregoing reasons, the Court DENIES plaintiffs' motion.

New Orleans, Louisiana, this 4th day of May, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE